All right, the final case today is I'm gonna call it Agape or Agate Motorcoach Retreat versus Brintle and Mr. Burns, whenever you're ready, we'll hear from you. Is that Agape? Agape. Agape. I think my law clerk had it right. It's the, I believe it's Greek for God's love. It's the definition. May I please the court? My name is Hunter Burns, and I'm here on behalf of Agape as well as the Gregsons. We have appealed this case based upon the District Court of Western Virginia's granting of summary judgment for the United States of America and David Vila as well as the granting of summary judgment in favor of Mr. Boland and the trustees of the Brintle Revocable Trust and denying appellants motion for summary judgment. The the basis of our appeal, I have two main reasons that this court should reverse and it's based upon three separate and distinct issues. Two of them are tied into one of the reasons and then one follows. The first issue involves the jurisdiction of the Virginia Circuit Courts. The second is defeasibility of title and the third issue involves the separate easement over private property. First, appellants have an easement over federal land directly to the Blue Ridge Parkway and or the State Road stemming from a 1938 condemnation order from the Carroll County Circuit Court. Are you stating that as a fact or is that a contention? That is that is our contention. That is our contention, your honor. But we believe that it is is based upon... And you're relying on the marginal notation on the order that was dated probably July 1 or June 30 of 1937. Yes, the marginal note that you that you speak of, the handwriting... You're relying on the easement preservation of the easement during the condemnation receipt. That is correct, your honor. Now, let me just ask you that was entered filed on July 2, but from the face of the order, it looks like it was entered probably July 1 or maybe even July 2. The court had said 30 days have passed since May 30 and it entered that order and it could not have, since all that's typed, it could not have entered the written order until after that or as at the time it signed it. So the best you can get is court entry on that order around July 1. I believe that that's reasonable, your honor. There was a conveyance to the United States that didn't reserve that easement back in May. Yes, your honor. Well, it seems to me the United States got it free of the easement. No, your honor, it did not because... There was no easement at that point. Well, your honor, there was an easement at that point because and this goes to the second issue, which is the defeasibility of title. At that time, as we know the... At what time? At the time that the United States was conveyed the property. Right, May 18, yeah. The Commonwealth of Virginia, as we know, a basic tenet of real properties, you cannot give more than you have. Right, but you cannot condemn more than stated in the petition for condemnation. That defines the take, does it not, under Virginia law? Under Virginia law, your honor, a court of general jurisdiction, which is the circuit court in Carroll County, has jurisdiction over the condemnation proceeding. Right, but the petition for condemnation, the whole statutory scheme in Virginia, is the petition that defines the property to be taken. Then it goes to the commissioners. The commissioners review the land taken, the residue of the property, they value the land taken, and the diminution of value to the residue, and the court makes the determination and value. And even back in 1914, the Virginia Supreme Court was saying pretty clearly, without an amendment to the condemnation petition, there is no right to ask for a different estate than that set forth in the petition. So where is there evidence in this case that the petition for condemnation was amended to reflect an easement? The evidence is specifically in the marginal note. No, no, no, the amendment to the petition for condemnation. Okay. Not the court's order. All right, I understand, your honor. That ruling from 1914, as well as for the case law, says an amendment to the petition or the consent of the parties. Am I accurate with that, your honor? I don't believe so, no. I don't even think the role of the court is to mess with the title. The role of the court is to confirm the value. And the court can only be simple. The commissioners were not looking at the reserved easement. There's nothing in the record that shows that the commissioners valued the property with this easement. Isn't that correct? That is correct, your honor. Okay, so how can then we find that when the commissioners valued the property and the court passed on the value of the property, that there was any contemplation of the easement? You're saying just the handwritten interlineation without an amendment to the petition in condemnation and without the condemnation commissioners being given the opportunity to evaluate the property with an easement. How can that be? Well, the court could just write in the margin whatever it wants and the process is totally circumvented. It's not, your honor, because by the court of general jurisdiction entering that order, it was subject to appeal at that time and it was just the amount. The condemnation takes place pursuant to the petition and the petition did not show the easement. Under the petition, the title went to Commonwealth without the easement. The Commonwealth conveyed it to the United States on May 18 without the easement. Right? No, your honor. I don't believe that. This is May 18. Your entry didn't come in until a month and a half later. I understand, your honor, but the statute that controlled says that it is subject to confirmation by the court, the circuit court. Now, I understand. That's the amount. Well, your honor, I understand. If somebody wanted to expand title, they'd have to file a separate suit. But the condemnation, the right of condemnation, was determined by the Commonwealth. It defines the take and then it goes and assesses the value. They put the value in the court and the court approved the value. But if the title didn't pass at that time to Virginia, way back in May, something's wrong because then you're saying the United States didn't get title. That is exactly what I'm saying, your honor. How did they not get title? There's a deed in here. I understand that there's a deed, your honor, but that was subject, it was a defeasible title at that point. And it was defeasible. The United States was not even a party to that proceeding. Your honor, they received all that they could receive. And again, all that the Commonwealth could have given them at that time because the Commonwealth did not have a deed. The Commonwealth did not actually own that property. And the recorded deed has the exact same handwritten note in it. Therefore, the Commonwealth of Virginia, whether you want to admit it or not as to whether or not they had the authority to do so, at that time, the circuit court, the original condemnation order, the recorded chancery deed, and the recorded deed order, all have the exact same handwritten margin in it. I'm sorry, your honor. Where's the recorded deed here? I believe that it is on page 120. I believe it's on page 141, your honor. I hope that's... Circumventing the whole statutory scheme because the law is pretty clear that the fair market value is determined as of the take, as of the time of the taking. And here you have this so-called easement added way after the taking, after the petition was filed. And so the whole statutory scheme is undermined. And, you know, the Supreme Court of Virginia has been really clear that everything is measured from the time of the taking. I mean, every case of the Supreme Court talks about that. Yes, your honor. I agree. If this were an easy issue, your honor, we never would have been here. But, your honor, the Supreme Court of Virginia has also been clear about the circuit court having jurisdiction over condemnation proceedings. And if it is an error, then there's a proper procedure to go through. But the circuit court can't say, I mean, the circuit court can't say that you get more land than the commonwealth put in its petition. The circuit court can affect the valuation. It can disagree with the commissioners. It can, you know, ask for a re-evaluation. All those things the circuit court can do, but it can't add or subtract to the land in the condemnation petition. Your honor, I'm well aware of your previous jobs. Do you have any cases in the Virginia Supreme Court that says that the circuit court of general jurisdiction can add or subtract to the land defined by the petition in condemnation? Not in those words. What I have, your honor, is the case law from the the Supreme Court along the lines of the the Chesapeake and Western Railroad Company and the Washington and Cincinnati St. Louis Railway Company. And that line of cases, your honor, it does not say what you are asking me. But the court never did that. The court never added to the land. It never, well, never subtracted from the land, did it? Show me a case where the the court enlarged the estate or subtracted from the estate that was defined by the petition in condemnation. Your honor, I do not have that case. And I'll tell you, I think the reason that I don't have that case, your honor, is because what we're dealing with here in this case is a collateral attack by a... It's an interpretation of a court order. Nobody's saying that the circuit court, excuse me one second, then I'd like to hear your answer. Nobody's saying that that order isn't valid and nobody's saying that the order doesn't value the property. It's not an attempt to invalidate the order. It's just saying what was the lawful scope of the order? Well, your honor, this is an attempt to, I believe, invalidate or to consider void the original condemnation order. Because the original condemnation order specifically sets forth the property that was condemned. That is what is a matter of record. But if the role of the court is to value the property as defined in the condemnation petition and is evaluated by the commissioners, both as to the take and as to the residue and damages thereto, then if the court performs another act and decides to take a little bit away, you're saying that that isn't... That's good for the ages just because the parties didn't appeal it? Yes, your honor. I believe that it is. And I believe, again, going back to the United States and what the United States actually received, what they received was the land minus the easement. Because the title at the time that it was conveyed was defeasible, subject to the confirmation of the circuit court. And what the circuit court... Where do you get that? I'm reading the statute, the 1936 statute, and it says, upon the report of the commissioners, title shall pass, passes to the commonwealth, shall vest in the commonwealth in fee simple to such extent as may be prayed for in the petition. That's when the commissioners return it, which I think restricts the court's role to reviewing the valuation if it's appealed. I have... See that? I'm looking under 1969 J. Yes, your honor. I do see that. I see my time has expired. My answer... Go ahead. There are two different... By the time we're done with real estate, you know, we may be here at four or five o'clock and put on our eye shades and keep going. Well, I mentioned to counsel of record earlier, I thought this might be dry compared to Swiss family law and Minnesota defamation law, but I'm glad to see that you're as intrigued as I am. There are two separate statutes There are two separate statutes, your honor. The 1969 J, which you've referred to right there, must be read in conjunction with 43, excuse me, section 4369, because reading them together, the 4369 says that unless good cause be shown against the commissioner's report, the same shall be confirmed by the court and further that upon such payment either to the person entitled thereto or into the court and confirmation of the report, the title to the part of the land and to the other property taken for which such compensation is allowed shall be absolutely vested in the company and fee simple. The keys court... Are you getting to the part that helps you now? Yes, your honor. The keys court held that the condemnation proceedings instituted under 1969 shall be absolutely vested in fee simple only after the report of the commissioners is confirmed by the court. Reading 1969 and 4369 in conjunction, 1969 is silent as to the nature of the title which vests in the commonwealth. It doesn't say, as your honor pointed out, it doesn't say whether it's indefeasible or defeasible title, but 4369 says that absolute title does not transfer until the confirmation by the trial court. Now, I understand Judge Keenan's pointed analysis of whether or not the court had the authority to expand or decrease the fee that was being transferred between the parties. However, it was either void because the circuit court did not confirm it or it was a valid judgment, which includes the easement. And if it's void... I think that actually what you say is possible, I suppose, but if we really wanted to accommodate both of those statutes, it seems to me what the way the Virginia Supreme Court has done so when there are other cases is a pretty clear indication that we do exactly what Judge Keenan says. We read it that way and I don't understand. I believe that that's again, I apologize, but I believe that that's basically blue penciling the order that was entered by the circuit court. And I don't believe that that is allowed. It would not be if the order is taken only for the purpose of confirming the amount. And if it's taken for confirming the estate taken, I think you have to be right. But I think if it's taken only for confirming the amount of compensation, then it seems to me both statutes say that the title vested, the section you referred to, it said title vested absolutely upon the payment of the return of the commissioners. And confirmation. Payment, yeah, into the court. And confirmation. But you're basically, we have to to get to go along with you, we have to conclude that the court had the authority to redefine the estate. Is that right? Well, there's actually one more argument, which I haven't even gotten to yet, which hopefully I'll get to when I come back up here, but and that involves the fact that the district court granted summary judgment to all of the defendants and said that for the private defendants a granting of summary judgment was appropriate because there was no federal easement and I believe that the two issues can be separately read and All right, we'll we'll get you back up here and you'll get it straight All right, I guess we have two, Mr. Eckert first Your honor, please Good morning, your honor I'm Tom Eckert. I'm an assistant U.S. attorney in Roanoke, Virginia. I'm here on behalf of the United States in this matter And what I'd like to- You're messing with your property? Yes, sir The Blue Ridge, the concept of Blue Ridge Parkway, back in when this was, when this was when this order was entered and the deed to the United States was Conveyed the- Conveyed the property of the United States to construct the Blue Ridge Parkway There were a lot of easements That deed It contains a comprehensive list of many many easements, a lot of pages of easements Which went with the conveyance to the United States Conspicuously, however, the easement now Alleged by the appellants was not among those easements On that May 8th- His argument, I gather, with respect to the title That's one of my big hang-ups and I want to ask him to address this But basically on May 18, the title was conveyed to the United States without the easement. Yes, sir And his argument Is that even after you've gotten that property without easements Somehow that conveyance to the United States Which was not before the court, that conveyance to the United States is subject to Defeasement, I guess is the word he's using Which I'm not sure what it means, how they can go when it's conveyed to a third party Here you have, you start off with the commonwealth condemning it and the whole proceedings that we've been arguing about Involve how the commonwealth gets title and what title they get But then the commonwealth did convey it to the United States On May 18th without the easement Yes, sir. Now his argument, I suppose, is the United States can't get any more than the commonwealth had Yes, but at that point the commonwealth Conveyed without easement and the question is did they have it without easement? They condemned the easement, they condemned everything Yes, sir that that was My understanding as I look at the body of law, the the eminent domain scheme In the code of 1930, they took it without easements and indeed on page 92 of the joint appendix Where Judge Drake, which presumably would mean the easement holder could come in and get compensation, too Yes, sir, but the condemnation itself Took the land without easements. Yes, sir And indeed, the easement would have had to have been valued by the land commissioners There were two sets of them. When the Bolins lost their land to condemnation The first set of land commissioners went out and they set a price, didn't give enough money, right? They said we want more. So Judge Draper Under the statute appoints a second, which is one of the things he can do Appointed a second set of land commissioners went out and gave him more money When they filed their objection to the first land commissioner's report, they never mentioned anything about any easement There's never in this entire record any mention of any easement whatsoever until you look at The anonymous, interlined, handwritten note that presumably We don't know. Presumably it's written by Judge Draper at his direction. It looks like it was written by Judge Draper on July 1, 1937 or whenever the date is. Everybody assumes that, your honor. But we look at that order and it's right curious because on page 92 the order says something entirely different It says at the very bottom, and doth confirm Unto the Commonwealth of Virginia as provided by statute free and clear of all liens and encumbrances The fee simple title to all that property belong to M.M. and Myrtle Bolin and so forth That that's in the typewritten body of the law which conflicts absolutely with the handwritten Interlineated notes. It's a sole basis of the Appellant's argument Never was any easement pled by the Commonwealth or pled by the Bolin's attorney or anything Anything like that. It just kind of appears out of nowhere when the In Judge Draper's order. Well somebody was standing before him as he had that order and said don't forget to put in our easement And he says what you're talking about? Well, we have an easement, so Well, we all know that. It may have happened that way in Carroll County in 1938. I don't know. Was it 38 or 38? Yes, sir, 38 The Virginia Supreme Court has repeatedly hailed since before the order entered by Judge Draper that a court cannot enter a decree Judgment order or anything else based upon facts not alleged a right not pleaded or a claim Right not pleaded and claimed no matter how meritorious and that was in the 1935 case of EW Potts trustee versus Matheson Alkali works and Then there are a number of other cases even before that with the Virginia Supreme Court in this case The easement now claimed was never pled never alleged never claimed. It was not part of this litigation Okay, let me let's assume that something was said to Judge Draper that prompted him to enter That marginal order right reserving an easement in his order, right? What effect does that have on the land that the United States then had in fee simple His argument is there's a defeasance, and I don't know how that works Well, I suppose I defined in my brief the blacks law dictionary defeat disfeasance I Don't let me back up for a second if I might The the fee that's condemned has to be based upon the the highway commissioners original petition Well that that makes a lot of sense and he did that and the money was paid into court All right, and the United States was given title right now the state proceeding still had to confirm the amounts Right and the judge did that but in doing that he adjusted The estate he reduced he reduced the estate. Yes, sir. I Don't think it affected the United States. Well now his argument I think he'll make is that the United States got the title Subject to this defeasance practice right and and therefore it was going to be bound if it turned out later But that's sort of strange. There's no finality in deeds then right you can go on forever and judge Turk. I think recognized that When he said there was only certain things that Judge Draper could do and And the the Commonwealth could only be defeased of its title under certain very limited Circumstances and Judge Turk addressed those and said hey none of those Existed here and because none of those existed in this particular case The the the the interleviated note was exceeded Judge Draper's subject matter jurisdiction and The the defeasance was what you rely on to make that argument He rebut he went through in some detail and I outlined it in my brief in In in both the general condemnation statutes and in the specific night 1969 J statute that dealt with the highway commissioners condemnation process the entire eminent domain scheme That there were only certain circumstances one of which was that the highway commissioner decided that he didn't want the land or the government or the entity decided did not want the land in question prior to the Vesting of any interest and thus could withdraw. It's it's it's condemnation particular The other thing would be if the governmental entity Never paid the money into the clerk of court and Judge Turk mentioned he said then Then the title was subject to deep Defeasance, it seems to me that I argued in my brief Then what we have here is an indefeasible absolute title that the Commonwealth got because none of those statutory Basis for disfeasance ever existed. I think the court was absolutely right the district court when it when it ruled that way and That together with the fact that no easement was ever pled nobody thought they had an easement here the Bowen's didn't even think they had an easement here and their successors and interest didn't either because They applied for special-use permits from National Park Service twice at least twice Right they they did not their successors and interested children or grandchildren something like that They applied twice to get the driveway permission to build a driveway That's the basis of the easement or that is the easement that's now being sought for the appellants They certainly didn't think they had an easement if they did think that they wouldn't have had They wouldn't have gone through the special-use permit process with it with the Park Service and I put those or we put those those SUPs marked them as part of the joint appendix in this case and the court can see the reason that they were needed was because They were cut off when the Blue Ridge Parkway was built the state the Commonwealth rerouted a state ramp and basically cut the Bowen's successors off from entry into onto the state road and the roads have been moved since then and so forth, but That's that's essentially our position your honor and thank thank you very much here from your colleague He's gonna probably argue with you something differently He'd probably record. Oh, thank you on Good morning, hey, please the court. I'm Alan Caudill. I represent the individual defendants the parental trust which is Thomas rentals widow and two children and Tim Bowen who I think incidentally is the grandchild of mm Bowen The owner of the land when all this mess started You have put me in a position where I feel like it's dangerous for me to argue very much about the central Part of the case we do agree with your comments and and you expressed very well our argument that the Circuit Court only fixes damages the Commissioner determines what to take and so when you consult the petition you see that he took everything And the interlineation has no effect because that's just not within the judge's purview. It's not a part of his job. I Do I'll add one one factor to the extent this is a real estate case We are concerned with the deeds and the deeds do matter You've already pointed out the deed to the Commonwealth of Virginia From the Commonwealth of Virginia to the United States had already been recorded But I will note that if you take time to examine other deeds in the record You'll see that the deed from mm Bowen Did not attempt to convey this easement it talks about an easement, but not this easement It doesn't talk about an easement across the parkway you trace those deeds down three or four steps and the 2005 deed to a cop a the current plaintiff also does not attempt to convey this deed Agape has to rely only on Having come up with this interlineation and then claim it's an unwritten Appurtenance to the property to trace it through the chain of title It's not just a coincidence that it doesn't appear in the Commonwealth State of the United States It does not appear in the first deed mm Bowen made It does not appear in any of the deeds after it and that's simply because it doesn't exist I Would ask For the other part of my argument that the court consider under this procedure. Yes, sir ever a deed recorded in favor of the Commonwealth Or does the Commonwealth in this case the Commonwealth conveyed it right out to the United States? I don't believe there's an intervening deed. There's not an intervening recorded deed the arrangement between the federal government Who endeavored to construct the parkway and the states through which it passed was that the states would exercise the Condemnation power to condemn the land and then convey it to the federal government and that is what happened So the state acquired off what in this case the state only acquired a condemnation order However, if we examine the lands conveyed by the Commonwealth the United States many of those lands were acquired Agreeably with the landowners So I made an offer and the landowner agreed to sell and therefore the Commonwealth acquired many deeds just none that affect this case I would like to address the second argument that mr. Burns has alluded to which is that the easement across rental lands and bowling lands has some viability even if they can't cross the Federal government property to the parkway We strenuously Resist argument made below was this argument made below now That's that's the principal part of my argument is you can't change the location you're claiming on appeal They made an election They they have told the court where they asked to go and and I will supply you with that information in the in the complaint particularly at the Joint Appendix page 31 They they say many Preamble type paragraphs But when they get to what they ask for they ask for the easement across the parkway land at that location And I will direct your attention to the Joint Appendix at page 45 That is by far the most useful diagram in the Joint Appendix Right it does and and the thing that it's a little bit confusing because the one at 127 or 128 is it? It's a it's a actually on a little bit different scale and for the parkway purposes for the special-use permit But they're both accurate in that they both depict that The Boland's do not own any property joining the public road There is a tiny sliver of land that goes all the way across our road frontage So you can't cross rental and then cross us and get to the road if you can't cross the parkway you can't get to the road and So under the the doctrine of the Virginia Supreme Court in Atkinson versus Wexford and Associates If you have an easement across two or three property owners, if you can't reach your ultimate destination You can't cross the first two and go back You know, it's just a really a statement of common sense If you're in that case, they were trying to cross ten different lots to get to a cemetery But since they couldn't cross the last couple of lots, they also had no easement across the first eight You can't go partway if you can't get all the way So in this case if the plaintiffs fail to cross the parkway they also cannot cross rental and Boland and we would ask that the court sustain the Summary judgment granted by the district court Thank you All right, mr. Burns Clean it up I Feel like there's so many questions and so little time If I may I'd like to address the the state Excuse me the private individuals the what we have termed the Boland easement and the parental easement which were separate from the Federal easement across the Blue Ridge Parkway, well that I Was quickly flipping to the the joint appendix to to page 31 to see What he was referring to this argument has been made all along as far as the deeds that were subject to the federal court below the district court the deeds that were Given to the court and the relief that was sought was a determination of it of what exactly rights appellants agape and the Gregson's had over both the parental the Boland and the federal property the deeds that were attached and The I'm guessing asking for the argument against the private defendants separate and apart From any right you have against the federal government Where's that argument? well Your honor that argument was made in conjunction with the rights Across the the federal property so but it was always in conjunction You never made a free floating argument against the private defendants that you had some right To go through their property even if you didn't have a right In the federal government well you're in it's not necessary your honor because I understand your argument It's not necessary, but you do you ever make that argument? No, not that not that We had rights over Parental and Boland, but not the federal because at the same time we would like it over the federal as well You made the argument you had it against all three parties correct But did you ever say even if we don't have a right against the federal government? We have it right against these two private parties and that gets us home well yes by By submitting the deeds which show that it went to State Road 778 Regardless of and if you look at it I'm looking at page 45 page 45 I Get I can show you by map specifically what it is, and it's it's looking at page 128 All right well, I'll show you why in just saying let me look at flip it the correct Because 145 excuse me 45 does not show the State Road as it existed at that time and 128 I know that it's blown up and you and you lose some of the better visual from from looking at it afar But 128 shows you If you look down at the the box on the right side It says route 778 as shown on plat of map acquired for the Blue Ridge Parkway sheet 14 of 26 dated May 13 1938 well, that's if you see that road that road was was was in that place in 1938 and the deeds that were acquired by the appellants Date back to that time and you can see State Road 778 actually does touch the Boland property Away from the federal lands, and it is possible to access The State Road as it was then without the federal without The assume you're right. What is it what? What are we to conclude now that? You look at map 45 and And where the road actually you can't get to 778. Oh, yeah, 770 70. It's moved quite a bit Yeah, oh, but but what you were to to Today you would have to go across federal property you And I believe that the only fair thing to do at that time would be to grant them access either across the federal Property even a smaller portion of the federal property to access the new State Road as it as it stands now Because it moved about 20 feet or so South and They should either be granted a special-use permit across that property to access it across the Brentals the Boland's and then across the federal property or you get that is by making a claim as of 1938 to apply now to conditions in 2013 well, and that's why we were asking the court for declaratory judgment on a Declaratory action as to what our rights were asked to the title because the title as it was conveyed in 1938 1950 and all the subsequent deeds that occurred with the subdivision because again in 1938 there was just one big piece of property it was the Boland's I know but all the all the Various interests in 1938 are set out by meets and bounds and stakes and so forth and And the United States recorded its special warranty deed or its warranty deed with a bunch of easements But did not include yours Well in your honor that goes back to your ultimate question Which is what did the United States get? When it when it received its deed from the Commonwealth of Virginia, and they thought you know their deed does not have the easement on it There's no reason they would have recorded it in their list because they thought I mean You know the United States now conveys it to 16 other people developers and the developers convey it to the Indians for a reservation How long do we keep undoing deeds based on an argument that there was an error in the United Sports? You call it this face and a defeasible title in your honor usable or this D Defeasible the defeasible title in your honor to answer your question that you had about the feasible title, right? Specifically in Virginia it has been defined By the the Supreme Court And Home insurance company of New York versus Dallas a 1965 case as well as Commonwealth Transportation Commissioner versus clots a 1993 case and keys versus Shirley a 1929 case and it says that the feasible title is one that is liable to be annulled or made void and defeasible title Was subject to defeasance and other steps were necessary before it could ripen Into an absolute and indefeasible title which just means it's subject to something that's going to happen later and by statute by statute Specifically something did have to happen and that something was it had to be confirmed by the court And again, I understand judge Keene's and I probably all of yours Which is the only thing they were confirming was the monetary award and and and again, I humbly disagree Supreme Court take the position that the court did not have authority to redefine the estate when confirming condemnation amount It appoints commissioners it does and then its role is not to make the commissioners decision it's just to approve it Well, the question is when it's approving the commissioners report and of course in this case commissioners report didn't have the Didn't have the leaseman in it Does it have authority to? We constitute the estate Your honor, I believe that it does and I base that belief. It's really sort of the core of this Isn't it? I believe it is your honor and in it. I believe that that in our our circuit courts in the state of Virginia or courts of general jurisdiction and If he did not have if judge Draper did not have the authority to enter the order that he entered Then it is subject to attack on appeal or His order is void and that means his whole order is void you you don't take out a portion of the order You don't say well We don't like this port this part if we just strike down the whole order collaterally and see he didn't have authority Then the United States doesn't have a federal court. We're not gonna mess with it. Well, then then the United States doesn't own that property. I Mean and they're gonna come to rest and and that's where we go back which is why I don't believe that the district courts ruling in this case Was correct Because I believe based upon his logic based upon the district courts logic I believe that you would have to determine that 1938 condemnation order as void which means that the Commonwealth of Virginia never received that property Which means the United States of America did not receive that property. It's much easier to just say we have that easement I thank you. I thank you for your time Is an either-or Thank you. Thank you. Mr. Burns. We'll come down and Greek Council. We'll first adjourn for the day This on of course stands adjourned until tomorrow morning at 9 o'clock guys save the United States and it's honorable court
judges: Paul V. Niemeyer, Diana Gribbon Motz, Barbara Milano Keenan